**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ARTHUR LLORENS,<br>              Appellant, | DOCKET NUMBER<br>SF-0752-13-4907-I-1 |
|        v. | |
| DEPARTMENT OF THE AIR FORCE,<br>              Agency. | DATE: August 13, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Arthur Llorens, Henderson, Nevada, pro se.

Basil R. Legg, Jr. and Jody-Ann E. Gilzene, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The agency has filed a petition for review of the initial decision, which reversed the agency's action indefinitely suspending the appellant from his position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a Budget Analyst, GS-9, occupied a critical-sensitive position which required him to hold a Top Secret security clearance. Initial Appeal File (IAF), Tab 5 at 7, 12. By memorandum dated July 26, 2013, the Commander notified him that a security determination had been made to suspend the appellant's access to classified information/unescorted entry into restricted areas because of financial concerns. *Id.* at 15. Specifically, the memorandum indicated that, according to credit reports, the appellant had a significant amount of personal debt in collection status for which he was making no monthly payments. *Id.* On the same day, the Commander issued another memorandum in which he proposed to indefinitely suspend the appellant from his position for failure to maintain a condition of employment. *Id.* at 4. On August 29, 2013, the deciding official upheld the proposal, warranting the appellant's indefinite suspension effective September 7, 2013. IAF, Tab 4 at 10. The decision stated that the suspension would remain in effect until there was a final determination by the Air Force Central Adjudicating Facility (CAF) regarding the appellant's security clearance and access to sensitive materials "and for such time as further administrative action is taken following a final decision by the CAF." *Id.*

¶3    On appeal, the appellant argued that, in his position, he does not, in fact, handle classified information and has no access to it. IAF, Tab 1 at 6. He requested a hearing, *id*. at 2, after which the administrative judge issued an initial decision reversing the agency's action, IAF, Tab 21, Initial Decision (ID) at 1, 5. He found that the agency committed harmful error because it did not afford the appellant the procedures required before taking an adverse action related to personnel security. Specifically, the administrative judge found that Department of Defense (DoD) regulations generally prohibit an agency from taking, as a result of a personnel security determination, "unfavorable administrative action," which includes a suspension for more than 14 days, before an employee has received a final decision from the CAF and the opportunity to appeal that decision to the Personnel Security Appeals Board (PSAB). DoD 5200.2-R at C8.2.2.3, 4; ID at 2. The administrative judge concluded that the agency in this case indefinitely suspended the appellant before he received a final decision from the CAF, much less one from the PSAB. ID at 3. The administrative judge ordered the agency to reverse the suspension and retroactively restore the appellant, ID at 5, and to provide him interim relief, if either party filed a petition for review of the initial decision, ID at 6.

¶4    The agency has filed a timely petition for review challenging the initial decision, Petition for Review (PFR) File, Tab 1, and stating that it certified that it had provided or would provide the appellant with interim relief as ordered by the administrative judge within the time frame set. The appellant has responded to the petition and has also filed a motion that it be dismissed for failure to provide interim relief. PFR File, Tab 3. There, he argues that the agency has not contacted him regarding restoring him to duty and that he has received no pay since the date his suspension was effected. *Id.* In reply, the agency has submitted evidence that it has canceled the appellant's indefinite suspension. PFR File, Tab 5 at 5. The agency also has included a copy of a memorandum it issued to the appellant, several days after filing the petition for review, advising

him that, due to considerations on his pending security investigation, he was being temporarily reassigned in 10 days, and that he would be placed on administrative leave in the interim. *Id.* at 9.

¶5    When an initial decision grants the appellant interim relief, any petition for review must be accompanied by a certification that the agency has complied with the interim relief order. *See* 5 C.F.R. § 1201.116(a). To comply with the interim relief order, the agency must either provide the interim relief ordered by the administrative judge or make a determination that returning the employee to the position designated by the administrative judge would cause undue disruption to the work environment. 5 U.S.C. § 7701(b)(2)(A)(ii), (B). If an agency fails to establish its compliance with the interim relief order, the Board has discretion to dismiss the petition for review, but need not do so. *Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1332-34 (Fed. Cir. 2004); *Stack v. U.S. Postal Service*, 101 M.S.P.R. 487, ¶ 6 (2006).

¶6    Under the circumstances of this case, we exercise our discretion not to dismiss the agency's petition for review because the agency has submitted evidence to show that it has complied with the interim relief order, that its delay in doing so was minimal, and that any shortcomings in its certification of compliance were not sufficiently serious to warrant dismissal. *See Kolenc v. Department of Health & Human Services*, 120 M.S.P.R. 101, ¶ 11 (2013). We therefore deny the appellant's motion to dismiss.[2]

---

[2] In endeavoring to comply with the administrative judge's order, the agency exceeded the interim relief requirements by retroactively reinstating the appellant to the date of his suspension, rather than to the date the initial decision was issued. PFR File, Tab 5 at 5; ID at 6. *See Luciano v. Department of the Treasury*, 74 M.S.P.R. 441, 450 (1997), *aff'd*, 152 F.3d 848 (Fed. Cir. 1998) (Table). However, where an agency in good faith has inadvertently exceeded the requirements of an interim relief order, the Board will not dismiss the agency's petition for review. *Luciano*, 74 M.S.P.R. at 450. In any event, the issue is now moot, given that the appellant has received a final Board order in his favor. *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 3 n.1 (2012). In accordance with 5 C.F.R. § 1201.182, he may raise with the regional office any issues he has concerning the agency's compliance with the Board's final order.

¶7　　　　On review, the agency argues that, contrary to the administrative judge's findings, it also revoked the appellant's access to sensitive information and that, unlike revocation or denial of access to classified information, revocation of access to sensitive information is not an unfavorable personnel security determination under DoD Regulation 5200.2-R and therefore does not require adherence to those regulations.  PFR File, Tab 1 at 7-11.  The agency reasons that the appellant's indefinite suspension was based on one action that was taken as a result of an unfavorable personnel security determination and one action that was not, and that either basis for the suspension was sufficient to sustain the charge.

¶8　　　　As the administrative judge correctly found, however, the Commander's July 26, 2013 memorandum to the appellant, in which he was notified that a security determination had been made to suspend his access to classified information/unescorted entry into restricted areas, made no mention of sensitive information.  ID at 3; IAF, Tab 5 at 15.  The agency posits that it is "clear from the DoD Regulation and the record that [the Commander] in fact suspended [the appellant]'s access to sensitive materials."  PFR File, Tab 1 at 7-8.  The agency points to the Commander's hearing testimony that his intent in revoking the appellant's access to "network systems" was to revoke his access to all sensitive information.  *Id.* at 8 n.2.  As the administrative judge properly found, however, the agency is required to prove the adverse action charge as it is set out in a proposal notice, not some other offense.  ID at 3-4; *see Alvarado v, Department of the Air Force*, 103 M.S.P.R. 1, ¶ 9 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009).

¶9　　　　The procedural protections of DoD Regulation 5200.2-R, C8.2.2, apply when an agency takes an unfavorable administrative action against an employee as a result of an adverse personnel security determination.  Here, the administrative judge correctly found that the agency indefinitely suspended the appellant based on his having been denied access to classified information, that it did so without affording him any of the protections, and that, therefore, the

agency improperly effected the indefinite suspension in violation of its own regulations. ID at 3; *see Ulep v. Department of the Army*, [120 M.S.P.R. 579](#), ¶ 6 (2014); *Schnedar v. Department of the Air Force*, [120 M.S.P.R. 516](#), ¶ 12 (2014). Moreover, the error was plainly harmful, for if the agency had complied with its own regulations, it would not have taken the action without first providing the appellant those procedural guarantees. *Schnedar*, [120 M.S.P.R. 516](#), ¶ 12. Consequently, the indefinite suspension cannot be sustained.[3]

## ORDER

¶10    We ORDER the agency to cancel the indefinite suspension and to restore the appellant effective September 7, 2013. *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶11    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

---

[3] The administrative judge found that the agency appeared to treat access to sensitive information as synonymous with eligibility to occupy a sensitive position or assignment to sensitive duties. ID at 3. On review, the agency challenges the administrative judge's statement that, even if the agency had suspended the appellant's eligibility to occupy a sensitive position or the like, that action would not be an adequate basis for suspending his employment indefinitely. ID at 4. We agree with the administrative judge's findings regarding the basis for the action taken. Therefore, it is unnecessary to address the agency's challenge to his alternate finding, which is essentially dicta, as to the implications of an action taken for some other reason.

¶12    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You

must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.

<table>
<tr>
<td></td>
<td>

# DFAS CHECKLIST

# INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD

</td>
</tr>
</table>

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.